FILED by **TM** D.C.
ELECTRONIC

Jan 28, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**13-80029-CR-MARRA/MATTHEWMAN**
CASE NO._____

18 U.S.C. § 1014
18 U.S.C. § 2

**UNITED STATES OF AMERICA,**

        Plaintiff,

vs.

**GERALD FRANKLIN IRVING,**

        Defendant.

_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this information:

1. JP Morgan Chase Bank, N.A. was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation and which provided mortgage money for real estate transactions.

### COUNT ONE
### (False Statements on a Loan Application: 18 U.S.C. § 1014)

2. Paragraph 1 of the General Allegations section is realleged and incorporated by reference as though fully set forth herein.

3. On or about July 3, 2007, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GERALD FRANKLIN IRVING,**

knowingly made and caused to be made false statements for the purpose of influencing the actions of JP Morgan Chase Bank N.A., in connection with an application for a $1,470,000 loan in the name of C.D. to purchase property located at 10614 Versailles Ave., Wellington, Florida, that is, the defendant caused to be stated in a Uniform Residential Loan Application, also known as a Fannie Mae 1003 Form, which was submitted to JP Morgan Chase Bank N.A., that C.D. had worked as the managing partner of Florida Custom Wood Work Inc. for 4 3/4 years earning $38,685 per month, that C.D. had $951,000 in cash available to close on the property, that the property would be C.D.'s primary residence, and that C.D. had rented a home at 3370 N.E. 190th Street, #3615, Miami, Florida, for the previous 2 years, when in truth and in fact, as the defendant well knew, C.D. had never worked at Florida Custom Wood Works, Inc., C.D. did not have $951,000 in cash available to close on the property, C.D. was not going to utilize the property as her primary residence, and C.D. had not rented 3370 N.E. 190th Street, #3615, Miami, Florida for the previous 2 years.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT TWO
### (False Statements on a Loan Application: 18 U.S.C. § 1014)

4. Paragraph 1 of the General Allegations section is realleged and incorporated by reference as though fully set forth herein.

5. On or about July 17, 2007, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GERALD FRANKLIN IRVING,**

knowingly made and caused to be made false statements for the purpose of influencing the actions of JP Morgan Chase Bank N.A., in connection with an application for a $1,452,500 loan in the name of D.M. for the purchase of property located at 10731 Versailles Ave., Wellington, Florida, that is, the defendant caused to be stated in a Uniform Residential Loan Application, also known as a Fannie Mae 1003 Form, which was submitted to JP Morgan Chase Bank N.A., that D.M. had earned $37,853 per month as the owner of the Franklin Group for a period of 3 years and 4 months, that D.M. had $991,647 in cash available to close on the property, that the property would be D.M.'s primary residence, and that D.M. had rented a home at 3370 N.E. 190th Street, #2806, Miami, Florida, for the previous 2.6 years, when in truth and in fact, as the defendant well knew, D.M. had not earned $37,853 per month as the owner of the Franklin Group, D.M. did not have $991,647 in cash available to close on the property, D.M. was not going to utilize the property as his primary residence, and D.M. had not rented 3370 N.E. 190th Street, #2806, Miami, Florida, for the previous 2.6 years.

All in violation of Title 18, United States Code, Sections 1014 and 2.

### COUNT THREE
### (False Statements on a Loan Application: 18 U.S.C. § 1014)

6. Paragraph 1 of the General Allegations section is realleged and incorporated by reference as though fully set forth herein.

7. On or about September 19, 2007, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GERALD FRANKLIN IRVING,**

knowingly made and caused to be made false statements for the purpose of influencing the actions of JP Morgan Chase Bank N.A., in connection with an application for a $1,470,000 loan in the name of E.C. for property located at 10527 Versailles Ave., Wellington, Florida, that is, the defendant caused to be stated in a Uniform Residential Loan Application, also known as a Fannie Mae 1003 Form, which was submitted to JP Morgan Chase Bank N.A., that E.C. had earned $36,875 per month as a senior account executive for IBS Construction for a period of 2 years and 8 months, that E.C. had $747,300 in cash available to close on the property, that the property would be E.C.'s primary residence, and that E.C. had rented a home at 3750 Amalfi Drive, Hollywood, Florida, for the previous 2 years, when in truth and in fact, as the defendant well knew, E.C. had not earned $36,875 per month working at IBS Construction, E.C. did not have $747,300 in cash available to close on the property, E.C. was not going to utilize the property as her primary residence, and E.C. had not rented 3750 Amalfi Drive, Hollywood, Florida for the previous 2 years.

All in violation of Title 18, United States Code, Sections 1014 and 2.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

GERALD FRANKLIN IRVING,

        Defendant.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

___ Miami    ___ Key West
___ FTL    _X_ WPB    ___ FTP

New Defendant(s)    Yes ___    No ___
Number of New Defendants _____
Total number of counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the Information, the number of defendants, the number of probable witnesses and the legal complexities of the Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) _No_
   List language and/or dialect _____

4. This case will take _5_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I    0 to 5 days    _X_
   II    6 to 10 days    ___
   III    11 to 20 days    ___
   IV    21 to 60 days    ___
   V    61 days and over    ___

   (Check only one)
   Petty ___
   Minor ___
   Misdem. ___
   Felony _X_

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

 

_____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0739472

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **GERALD FRANKLIN IRVING,**

**Case No:** _____

Counts #: 1 - 3

  False Statements on a Loan Application to a Financial Institution

  Title 18 U.S.C. § 1014

\* **Max.Penalty**: Up to 30 Years' Imprisonment; up to 5 Years' Supervised Release; $1,000,000 Fine or twice the gross loss or gain from the crime, whichever is greater

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: GERALD FRANKLIN IRVING

$100,000 Personal Surety with co-signer
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: ELLEN L. COHEN

Last Known Address: _____ ly _____
_____
...nooville, Georgia

What Facility: _____

Agent(s): William Johnson, FBI
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| GERALD FRANKLIN IRVING | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

**RUSSELL J. WILLIAMS**
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*